1  Cory A. Santos, Sr., Esq.
   Nevada State Bar No. 8247
2  Cory@santoslawoffices.com
   Theresa M. Santos, Esq.
3  Nevada State Bar No. 9448
   tsantos@santoslaw.attys.pro
4  SANTOS LAW, PLLC.
   241 Ridge St., Ste. 340
5  Reno, NV 89501
   Office: (775) 420-5222; Fax: (702) 456-5130
6
7  Attorneys for Plaintiff, Elvin Victorian Johnson

8           **UNITED STATES DISTRICT COURT**

9              **DISTRICT OF NEVADA**

10 ELVIN VICTORIAN JOHNSON,              Case No.: 2:23-cv-01331

11              Plaintiff,

12         vs.                           **COMPLAINT FOR DAMAGES**

13 ASURION, LLC.,
   ROE Business Organizations 1-50; and DOE
14 INDIVIDUALS 1-50, inclusive,          **(DEMAND FOR JURY TRIAL)**

15              Defendants.

16

17         COMES NOW, Plaintiff, Elvin Victorian Johnson, (herein "PLAINTIFF") and files this

18 civil action against Defendants, and each of them, for violations of the Family Medical Leave Act,

19 29 U.S.C §2601 et. seq., Americans with Disabilities Act, 42 U.S.C. 12101 et seq., as well as

20 violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law,

21 seeking damages, and alleges as follows:

22              **JURISDICTION AND VENUE**

23         1.      This Court has jurisdiction and venue over this action pursuant to the Family

24 Medical Leave Act, 29 U.S.C §2601 et. seq., the Americans with Disabilities Act, 42 U.S.C.

25 §12101 et seq., and 28 U.S.C. §§ 1331, 1343,which confer original jurisdiction on federal district

26

27

28              **COMPLAINT**

*(Left margin, vertical text)* SANTOS LAW, PLLC. 241 Ridge Street, Suite 340, Nevada 89501 Telephone: (775) 420-5222 Fax No.: (775) 448-6004

courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2.    Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3.    Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over  the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4.    Plaintiff has exhausted his administrative remedies.

5.    All conditions precedent to jurisdiction under 29 U.S.C §2601 et. seq., and 42 U.S.C. §12101 et seq., have occurred or been complied with:

a.  A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and/or within 300 days of Plaintiff instituting proceedings with a state or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

b.  A Notice of Right to Sue in Federal Court was received from the EEOC, dated May 31, 2023 (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".).

6.    This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7.    Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

///

///

///

///

**COMPLAINT**

2

SANTOS LAW, PLLC.
241 Ridge Street, Suite 340, Nevada 89501
Telephone: (775) 420-5222  Fax No.: (775) 448-6004

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PARTIES

8.    Plaintiff, ELVIN VICTORIAN JOHNSON, was a qualified/eligible "employee" of Defendant, ASURION, LLC., within the meaning of The Americans with Disabilities Act, 42 U.S.C. §12101 et seq and Nevada Revised Statutes §§ 608.010 and 613.010 et seq.; and related claims under Nevada law.

9.    Defendant, ASURION, LLC., is a foreign limited liability company qualified to do business in Nevada.   Defendant employs 50 or more employees and is an "employer" within the meaning of The Family Medical Leave Act, 29 U.S.C §2601 et. seq., The Americans with Disabilities Act, 42 U.S.C. §12101 et seq and Nevada Revised Statutes §§ 608.010 and 613.010 et seq.; and related claims under Nevada law. Defendant has offices located at 140 11th Ave. N, Nashville, TN 37203.

10.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, and ROES 1-50, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.  PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and are legally responsible in some manner.  PLAINTIFF will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

## STATEMENT OF FACTS

11.    Plaintiff, ELVIN VICTORIAN JOHNSON, is a former employee of Defendant where he was a Premier Support Solutions Representative.  He was employed by Defendant from October 12, 2017 to May 17, 2022.

12.    Plaintiff worked for Defendant remotely from home from approximately December 2020 until May 2022.

13.    On or about October 5, 2021, Defendant granted Plaintiff an accommodation for intermittent leave and additional breaks.  This accommodation was effective September 11, 2021 through March 11, 2022.

**COMPLAINT**
3

14.    In December 2021, Defendant emailed its employees, offering a $250 cash incentive to any employee willing to return to the work site.

15.    Defendant declined the offer.

16.    On or about December 21, 2021, Defendant notified Plaintiff that it would be closing his accommodation request because it was a duplicate request.

17.    In approximately February 2022, Plaintiff received notice that he would be required to return to the work site and that failure to return would be deemed a resignation, unless he obtained an approved accommodation.

18.    Shortly thereafter, Plaintiff's physician completed the required accommodation form, noting Plaintiff's compromised immunity, and Plaintiff returned the signed request to Absence One, Plaintiff's third party administrator, as required.

19.    Plaintiff continued to work from home.

20.    On or about February 11, 2022, Plaintiff emailed Defendant's Human Resources Department, explaining his history of working from home for Defendant, his immune compromised condition, the personal expenses he had incurred to create an ergonomic home office, the conflicting messages he was receiving from his case manager/coach compared to human resources, and his frustration that Defendant was not properly reviewing his accommodation request to continue working from home.

21.    On or about February 14, 2022, Plaintiff received correspondence from Defendant, noting that his request to work from home was denied by his HR department and further instructing him to direct any questions to his coach and/or Human Resources Business Partner, ("HRBP").

22.    Also on or about February 14, 2022, Plaintiff received an email from the HR Benefits team, informing him that COBRA information would be mailed to him within 2-4 weeks of his termination date.

23.    On or about February 16, 2022, Defendant emailed Plaintiff, informing him that he had been required to return to the work site as of February 7, 2022 and as such, was non-

SANTOS LAW, PLLC.
241 Ridge Street, Suite 340, Nevada 89501
Telephone: (775) 420-5222  Fax No.: (775) 448-6004

**COMPLAINT**
4

1
2    compliant.  Defendant further informed Plaintiff that his failure to return to the work site for his

next scheduled shift on February 18, 2022, would result in termination.

3    24.    On or about February 17, 2022, Plaintiff submitted a complaint with the EEOC,

4    regarding Defendant's failure to accommodate his request to work from home.

5        25.    Plaintiff returned to work on February 18, 2022.

6        26.    On or about March 20, 2022, Plaintiff emailed Defendant's Senior Vice President,

7    Todd Chretien, explaining Defendant's refusal to accommodate and requesting assistance.  Todd

8    Chretien responded the same day, copying Nyeisha Jones, Senior Director, acknowledging

9    Plaintiff's correspondence and indicating that someone would look into the situation.

10       27.    The following day, Ms. Jones called Plaintiff and indicated that Edith Barnett,

11   Human Resources Business Partner Director, Desoto, TX, would be reaching out to him.

12       28.    Ms. Barnett called Plaintiff the same day and conducted a Zoom call that

13   afternoon with Plaintiff and Molly Ingleman, HR Business Partner II, Orlando, Florida.  By the

14   conclusion of the Zoom meeting, Plaintiff was approved to return to work from home.

15       29.    During the Zoom meeting, Molly Ingleman advised Plaintiff that he would be

16   assigned to a new team, whose supervisor was Lonell Sullivan.

17       30.    Per Defendant's instructions, Plaintiff returned to the job site to pick up new

18   equipment, including a new monitor.

19       31.    When Plaintiff unboxed the equipment at home, he discovered that Defendant had

20   provided him with a 13 inch laptop.  Previously, when working at home, Plaintiff had used a 27

21   inch monitor.

22       32.    Plaintiff informed Lonell Sullivan that the screen Defendant provided him was too

23   small and requested that he be allowed to use the 26-inch monitor he had already been using at

24   home.

25       33.    Lonell Sullivan informed Plaintiff that he was prohibited from using any of his

26   own equipment – including the monitor – unless and until he received an accommodation.

27       34.    Plaintiff immediately submitted an accommodation request through Absence One

28

SANTOS LAW, PLLC.
241 Ridge Street, Suite 340, Nevada 89501
Telephone: (775) 420-5222   Fax No.: (775) 448-6004

**COMPLAINT**

5

for a larger monitor.

35.     The following day, Plaintiff attended a Zoom meeting between himself, Lonell Sullivan, and Lonell's supervisor, Andrew Potrzebowski.  Andrew Portzebowski reiterated Asurion's policy  regarding the use of outside equipment.  Mr. Potrzebowski told Plaintiff that if he was unsatisfied with the monitor, he could return to the work site immediately.

36.     Plaintiff declined the suggestion to return to the work site and immediately reached out to Molly Inglemon.

37.     Shortly thereafter, Plaintiff attended a Zoom meeting with Molly Inglemon.  Molly Inglemon indicated that Plaintiff should submit an accommodation request.  Plaintiff indicated that he had already submitted a request and asked Ms. Inglemon if he could be switched to a new team.

38.     On or about April 11, 2022, Defendant sent Plaintiff correspondence, denying his request for an accommodation on the basis that the request was a duplicate request, and noting that his request for a new monitor would be administered under the already opened ADA case for his back.

39.     On or about May 4, 2022, Human Resources Business Partner Molly Inglemon emailed Plaintiff, reminding him of an April 8, 2022 telephone call where she noted that a request for a larger monitor would need to go through the accommodation process with Absence One.

40.     On or about May 5, 2022 at 8:59 a.m., Molly Inglemon emailed Plaintiff, reiterating that Defendant would not provide Plaintiff with any additional equipment until he submitted an accommodation request to Absence One and that the request was approved.

41.     Also in the email sent at 8:59 a.m on May 5, 2022, Ms. Inglemon listed the accommodation requests that the Absence One portal allegedly reported.  Missing from the list was (1)  Plaintiff's December 2021 accommodation request that Absence One characterized as a duplicate request and closed in correspondence dated December 21, 2021; (2)  Plaintiff's April 8, 2022 request that Defendant cancelled as a duplicate request while simultaneously noting that Plaintiff's request for a new monitor would be handled under an already opened case.

///

SANTOS LAW, PLLC.
241 Ridge Street, Suite 340, Nevada 89501
Telephone: (775) 420-5222  Fax No.: (775) 448-6004

**COMPLAINT**

6

42. Later in the day on May 5, 2022, at 3:36 p.m, Molly Inglemon in Human Resources emailed Plaintiff, informing him that in order to get a larger monitor, he needed to contact Absence One, open a new accommodation claim, and submit supporting documentation. Ms. Inglemon also noted that although Plaintiff had been calling in on the attendance line to report his FMLA absences, he had not been reporting the absences to Absence One, as required.

43. Plaintiff immediately cured the FMLA absence issue with Absence One.

44. Molly Inglemon emailed Plaintiff on May 13, 2022 at 8:37 a.m., advising him that he was recorded as a no call/no show on May 4, 2022 and May 10, 2022 and requested an explanation for his absences. She also addressed the monitor issue, alleging that he had not submitted an accommodation request to Absence One for a larger monitor. Ms. Inglemon concluded the correspondence noting that if Plaintiff did not submit an accommodation request to Absence One by May 16, 2022, Asurion would make the determination that he had resigned.

45. Plaintiff emailed Ms. Inglemon at 1:43 p.m. on May 13, 2022, explaining that he had submitted the request for the monitor on several occasions.

46. Defendant discharged Plaintiff on May 17, 2022.

47. Defendant based its discharge of Plaintiff on Plaintiff's alleged no call/no show status, as well as his alleged failure to submit an accommodation request for a new monitor.

48. A clear nexus exists between Defendant's refusal to accommodate/support Plaintiff and his sudden discharge in employment.

49. The despicable tactics of DEFENDANT caused a substantial burden to Plaintiff's rights and caused Plaintiff to suffer significant emotional distress, embarrassment, and humiliation, in addition to financial loss.

///
///
///
///
///

**COMPLAINT**

7

1
2
3
4

SANTOS LAW, PLLC.
241 Ridge Street, Suite 340, Nevada 89501
Telephone: (775) 420-5222   Fax No.: (775) 448-6004

## COUNT I
## INTERFERENCE, DISCRIMINATION AND RETALIATION
## WITH FAMILY MEDICAL LEAVE
## Family Medical Leave Act (29 U.S.C. §2601 et seq.)
## (Against All Defendants)

50.     Plaintiff hereby incorporates paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.     Plaintiff's back condition is a "serious health condition," defined by the statute as an illness, injury, impairment or physical or mental condition that involves either 1) inpatient care in a hospital or other care facility, or 2) continuing treatment by a health care provider.

52.     Plaintiff was required to timely notify DEFENDANT of the need for leave, but Plaintiff was not required to specify that the leave was sought under the FMLA, nor was Plaintiff required to mention that Act in the notice.  Additionally, Plaintiff was not required to provide the exact dates or duration of the leave requested.  Moreover, Plaintiff was not required to give Defendant a formal written request for anticipated leave.  Simple verbal notice is sufficient when a written request is not available.

53.     Defendant interfered with Plaintiff's exercise of his right to take unpaid leave from work as authorized by the Family Medical Leave Act (29 U.S.C. §2601 et seq.) by, but not limited to, improperly tracking and recording his FMLA absences.

54.     Defendant's unlawful discrimination against Plaintiff consisted of treating Plaintiff differently based on his use of leave authorized by the FMLA related to employment, including recruitment, hiring, assignments, discipline, promotion, and benefits as set forth herein.

55.     Defendant retaliated against Plaintiff's right to take unpaid intermittent and consecutive leave from work in violation of the Family Medical Leave Act (29 U.S.C. §2601 et seq.) by improperly tracking and recording his FMLA absences.

///
///

**COMPLAINT**

8

56.    Plaintiff claims that his exercise of his right to take unpaid leave from work as authorized by the FMLA was either the sole reason or a motivating factor for Defendant's decision to terminate his employment.

57.    As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.  As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

**COUNT II**
**INTERFERENCE, DISCRIMINATION AND RETALIATION**
**WITH AMERICANS WITH DISABILITIES ACT**
**Americans with Disabilities Act (42 U.S.C.  §12101 et seq.)**
**NV Rev. Stat. §613.330 et seq.**
**(Against All Defendants)**

58.    Plaintiff hereby incorporates paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59.    At all times material hereto, Plaintiff was an employee covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA 42 U.S.C.§ 12111(4)).

60.    At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 U.S.C §12102(2).

61.    Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 U.S.C. §12111(8).

62.    Defendant was aware of Plaintiff's disabilities and needs for accommodation.

63.    Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to discharge him.

64.    Defendant's actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

SANTOS LAW, PLLC.
241 Ridge Street, Suite 340, Nevada 89501
Telephone: (775) 420-5222  Fax No.: (775) 448-6004

**COMPLAINT**
9

65.    Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant as described above thereby ratifying the unlawful conduct of its agents or supervisors.

66.    As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

67.    As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

68.    Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT III**
**DISABILITY DISCRIMINATION - RETALIATION**
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat 613.330 et seq.**
**(Against All Defendants)**

69.    Plaintiff hereby incorporates paragraphs 1 through 68 of this Complaint as though fully set forth herein.

70.    Plaintiff engaged in an activity protected under federal and state laws, including requesting an accommodation for a disability.  In return, Defendant retaliated by providing Plaintiff with unsatisfactory equipment for that accommodation and informing Plaintiff  that if he was unhappy with it, he could return to work on-site immediately.

71.    Plaintiff's disability was a motivating factor for Defendant's decision to terminate his employment.

72.    Plaintiff was subjected to the adverse employment action described herein because he  requested a reasonable accommodation.  Defendant reacted by depriving him of his rights and benefits under the Americans with Disabilities Act (42 U.S.C. §12101 et seq.) by terminating him.

73.    Plaintiff was subjected to the adverse employment action described

SANTOS LAW, PLLC.
241 Ridge Street, Suite 340, Nevada 89501
Telephone: (775) 420-5222  Fax No.: (775) 448-6004

COMPLAINT

herein because of his participation in the protected activity and the adverse employment action would not have occurred but for that participation.

74.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress.

75.     Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

76.     Defendant intentionally, voluntarily, deliberately, and willfully discriminated against Plaintiff by depriving of or interfering with Plaintiff's rights and benefits under the American with Disabilities Act (42 U.S.C. §12101 et. seq.).

77.     Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

78.     Plaintiff requests relief as described in the Prayer for Relief below.

///
///
///
///
///
///
///
///
///
///
///
///
///

**COMPLAINT**

11

SANTOS LAW, PLLC.
241 Ridge Street, Suite 340, Nevada 89501
Telephone: (775) 420-5222  Fax No.: (775) 448-6004

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELVIN VICTORIAN JOHNSON, prays that this Court grant the following relief:

1.    Grant economic loss including front and back pay, plus interest.

2.    Grant general and special damages in amounts according to proof.

3.    Grant liquidated damages in amounts according to proof.

4.    Grant punitive damages.

5.    Reasonable attorneys' fees pursuant to 29 U.S.C. §2617(a)(3), and other applicable statutes.

6.    Grant costs of suit incurred herein; and

7.    Grant such other and further relief as the court deems just and proper.

DATED: August 28, 2023                    SANTOS LAW, PLLC.


                                         /s/  Theresa M. Santos
                          By:      _____
                                         CORY A. SANTOS, ESQ.
                                         THERESA M. SANTOS, ESQ.
                                         241 Ridge St., Ste. 340
                                         Reno, NV 89501
                                         Attorney for Plaintiff, Elvin Victorian Johnson


## REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, PLAINTIFF demands a trial by jury in this action on all issues so triable.

DATED: August 28, 2023                    SANTOS LAW, PLLC.


                                         /s/  Theresa M. Santos
                          By:      _____
                                         CORY A. SANTOS, ESQ.
                                         THERESA M. SANTOS, ESQ.
                                         241 Ridge St., Ste. 340
                                         Reno, NV 89501
                                         Attorney for Plaintiff, ElvinVictorian Johnson

COMPLAINT